**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DJERY DOLCE, | DOCKET NUMBER |
| Appellant, | NY-0752-22-0026-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: February 14, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Andrea Batres</u>, Esquire, Garden City, New York, for the appellant.

<u>Colleen Piccone</u>, Esquire, <u>Elizabeth Connelly</u>, Esquire, <u>Floren J. Taylor</u>, Esquire, and <u>Todd F. Smith</u>, Esquire, New York, New York, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his removal from Federal service. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to discuss the appellant's discrimination and retaliation affirmative defenses, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant was removed from Federal service, effective November 5, 2021, for (1) misuse of TECS, a law enforcement database, (2) misuse of position, and (3) lack of candor. Initial Appeal File (IAF), Tab 1 at 10-20. The appellant filed a Board appeal challenging his removal on the merits, and he raised affirmative defenses of due process, harmful procedural error, discrimination based on color and sex, and retaliation. IAF, Tab 12 at 4-5, Tab 35, Initial Decision (ID) at 13-38. After a hearing on the merits, the administrative judge sustained all three charges, denied the appellant's affirmative defenses, and affirmed the penalty of removal. ID at 13-47. The appellant has filed a petition for review, and the agency has filed a response in opposition. Petition for Review (PFR) File, Tabs 3, 5.

We agree with the administrative judge that the agency proved its charges.

The appellant argues on review, as he did before the administrative judge, that the lack of candor charge should not be sustained.[2] PFR File, Tab 3 at 9-11.

---

[2] In his petition for review, the appellant has not challenged the administrative judge's findings regarding the first two charges. PFR File, Tab 3. We find no error in them,

A lack of candor charge requires proof that the appellant (1) gave incorrect or incomplete information, and (2) that he did so knowingly. *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 17 (2016). A lack of candor charge may involve a failure to disclose something that, under the circumstances, should have been disclosed in order to make the given statement accurate and complete. *Ludlum v. Department of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002).

The lack of candor charge is based on the appellant's testimony during a deposition, wherein he denied using his security clearance to "check information" on an individual with whom he was having a legal dispute. IAF, Tab 8 at 75-76. It is undisputed that the appellant used TECS to view the arrest record of the individual in question and that he did not disclose this incident in response to the deposition question. IAF, Tab 9 at 91, Tab 22 at 8-10. The appellant argues that he did not knowingly give incorrect information, and he advances a series of alternative explanations in support thereof, including that he did not know that viewing an arrest report in TECS constituted misuse, he misunderstood the deposition question, and/or he did not recall the incident at the time of his deposition testimony. PFR File, Tab 3 at 9-12.

In the initial decision, the administrative judge considered the appellant's defenses that his use of TECS to access the arrest report was authorized and that he did not know his conduct constituted misuse, and she found that the appellant's testimony was not credible. ID at 18-19. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at the hearing. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We find that the appellant has not established a sufficiently sound basis to overturn the administrative judge's credibility determinations. *See id.* The administrative judge also considered and rejected the appellant's assertion that he

and we therefore affirm them. ID at 13-26.

misunderstood the deposition question. ID at 28. We agree with this finding for the reasons stated in the initial decision. *Id.*

The appellant has also asserted that the administrative judge erred by not viewing video footage of a later investigative interview, wherein the appellant was questioned about accessing the arrest record. PFR File, Tab 3 at 9. However, the administrative judge cited to the video footage in the initial decision. ID at 4. Moreover, even accepting as true the appellant's assertion that he did not "readily admit" to improperly accessing the arrest record in a later investigative interview, we find that a different result is not warranted. PFR File, Tab 3 at 9. The lack of candor charge is based on the appellant's responses at a deposition and not his responses at a later investigative interview. IAF, Tab 8 at 136-37.

In sum, we find that the administrative judge considered the evidence as a whole, drew appropriate references, and made reasoned conclusions on issues of credibility, and we therefore find no basis to disturb her conclusions. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987). Accordingly, we find that the agency proved the lack of candor charge by preponderant evidence.

We agree with the administrative judge that the appellant failed to prove his affirmative defenses.

Before the administrative judge, the appellant raised the following affirmative defenses: (1) due process, (2) harmful procedural error, (3) discrimination based on sex and color, and (4) retaliation based on prior equal employment opportunity (EEO) activity.[3] ID at 29-38. On review, the appellant has not challenged the administrative judge's finding that he failed to prove a due

---

[3] The appellant has not clearly identified the basis of his retaliation claim. *E.g.*, IAF, Tab 12, Tab 22 at 4-5. However, he has not challenged the administrative judge's characterization of his claim or her analysis under the standards set forth in Title VII of the Civil Rights Act of 1964.

process violation. PFR File, Tab 3. We find no error in this finding, and we therefore affirm it. ID at 29-32.

The appellant argues on review, as he did before the administrative judge, that the agency committed harmful procedural error by conducting an improper and insufficient investigation and by allegedly coercing him into admitting to misconduct. PFR File, Tab 3 at 7-9. To prove harmful error, an appellant must show that a procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of that error. 5 C.F.R. § 1201.4(r); *see Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 685 (1991). The appellant has shown no evidence of coercion, and, in any event, the charges sustained by the deciding official were not based on the allegedly coerced statements. IAF, Tab 8 at 47-48, 75-76; PFR File, Tab 3 at 8. Further, despite the appellant's disagreement with the agency's investigative procedures, he was free to provide evidence, argument, and clarification to the deciding official prior to a decision on the proposed removal, and he did so in his written reply. IAF, Tab 8 at 52-74. For these reasons, and for the reasons stated in the initial decision, we find that the appellant has failed to prove that any other procedure would likely have caused the agency to reach a different conclusion. ID at 33-35.

The appellant has not challenged the administrative judge's finding that he failed to prove his sex and color discrimination and retaliation defenses. PFR File, Tab 3. In analyzing those claims, the administrative judge identified the legal standard set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), she discussed the various methods of direct and circumstantial evidence, and she concluded that the appellant did not prove that his sex, color, or protected EEO activity was a motivating factor in the removal decision. ID at 35-38. The Board has since overruled *Savage* to the extent it held that the *McDonnell Douglas* framework is not applicable to Board proceedings. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 25 (citing *McDonnell Douglas*

*Corporation v. Green*, 411 U.S. 792, 802-04 (1973)). Nonetheless, the outcome of this appeal under *Pridgen* would be the same as that arrived at by the administrative judge. Under *Pridgen*, to obtain any relief, the appellant must still show, at a minimum, that the prohibited consideration was a motivating factor in the agency's decision to remove him, *Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 30, and we agree with the administrative judge that the appellant failed to make this showing, ID at 35-38. Because the appellant failed to prove that sex, color, or protected EEO activity was a motivating factor, he necessarily failed to prove it was a "but-for" cause of his removal. *See Pridgen*, 2022 MSPB 31, ¶ 22, 30.

<u>We agree with the administrative judge that removal does not exceed the bounds of reasonableness.</u>

On review, the appellant argues that the penalty of removal exceeds the bounds of reasonableness. PFR File, Tab 3 at 12-13. He asserts that the agency's offer to settle the disciplinary action with a last chance agreement, suspension, and reassignment is sufficient to show that alternative sanctions are adequate to deter future misconduct and that the penalty should be mitigated on that basis. PFR File, Tab 3 at 12-13. However, the Board has held that an agency's offer of settlement is entitled to no weight in considering the propriety of mitigation of an agency-imposed penalty. *Cheng v. Department of Agriculture*, 84 M.S.P.R. 144, ¶ 5 (1999). We agree with the administrative judge's detailed analysis of the penalty determination, and we therefore affirm her finding that the penalty of removal is reasonable. ID at 39-47 (citing *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981)).

Accordingly, we deny the appellant's petition for review and affirm the initial decision as modified herein.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.